Mark A. Hendrix
Texas Bar No. 09460500
Krage & Janvey, L.L.P.
2100 Ross Avenue, Suite 2600
Dallas, TX 75201
Telephone: 214-397-1905
Facsimile: 214-220-0230
mhendrix@kjllp.com

Attorneys for Brian Keith Hardwick

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In Re:<br><br>BRIAN KEITH HARDWICK<br>1724 TURNBERRY LANE<br>ALLEN, TX 75002<br>xxx-xx-3183<br>Debtor<br><br>SARA ANN HARDWICK<br>1724 TURNBERRY LANE<br>ALLEN, TX 75002<br>XXX-XX-9767<br>Joint Debtor | § § § § § § § § § § § § § § § | Case No. 20-42475-BTR-7 |
| ANDREW H. ANDERSON AND LORI ANDERSON, AS CO-TRUSTEES OF THE ALLAN G. ANDERSON REVOCABLE LIVING TRUST<br><br>Plaintiffs,<br><br>V.<br><br>BRIAN KEITH HARDWICK,<br><br>Defendant. | § § § § § § § § § § § § § § § § § | Adversary No. 21-04065 |

## DEBTOR'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF

**TO THE HONORABLE JOSHUA P. SEARCY, U.S. BANKRUPTCY JUDGE:**

Brian Keith Hardwick ("Debtor") files his Response to Plaintiffs' Motion for Partial Summary Judgment and would show as follows:

### OBJECTIONS TO PLAINTIFFS' EVIDENCE

1. Plaintiffs have filed a Declaration by Andrew H. Anderson in support of their Motion for Partial Summary Judgment. In this Declaration, Mr. Anderson attempts to prove up almost every pleading and damage document in this case stating that they are business records of the Trust in question. Most of these documents in no way pertain to the Trust nor its operation and many occurred before the Trust was activated. Specifically:

2. Debtor objects to paragraph 10 and the attached exhibit referenced in such paragraph as hearsay.

3. Debtor objects to paragraph 11 and the referenced exhibit as hearsay.

4. Debtor objects to paragraph 12 and the referenced exhibit as hearsay and would show that neither Plaintiffs nor Mr. Anderson nor the Trust nor his father were ever parties to the FINRA enforcement matter.

5. Debtor would object to paragraphs 21, 22, 23, 24, 25, 26, 27 and 28 as hearsay including the exhibits attached and that none of the exhibits attached are relevant to the consideration of this partial motion for summary judgment.

6. Debtor would object to paragraph 33 of the Declaration as containing speculation and conclusions on behalf of the declarant.

7. Debtor would object to paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44 of the Declaration as speculation on behalf of the declarant and that the amounts contained therein are not relevant since a fine by FINRA is not an appropriate manner of calculating damages under Section 523(a)(19).

8. Debtor would object to paragraph 46 as a mere conclusion by the declarant and speculation on his part.

9. Debtor would object to paragraph 50 as a mere conclusion by the declarant and speculation on his part.

## SUMMARY OF THE ARGUMENT

10. Plaintiffs' motion for partial summary judgment must fail as it relates to the Section 523(a)(19) claim based on the state lawsuit since there is no finding in either the settlement agreement nor in the agreed judgment of any securities violations which are required under this Section. In addition, without any findings, Plaintiffs are attempting to obtain summary judgment in an adversary proceeding based upon mere allegations contained in the state court petition. This is not only improper under Section 523 but unconstitutional.

11. Plaintiffs' motion for partial summary judgment as it relates to the FINRA order must be denied insofar as there is no final judgment in relation to that order, which is fatal to Plaintiffs' argument in this matter. In addition, FINRA rules (as those used to calculate the alleged damages under this motion for partial summary judgment) are not securities laws and cannot be used under Section 523 to find damages and prevent discharge.

12. Still further, while the FINRA order may give standing to the Plaintiffs under Section 523(a)(19) to pursue a claim against Debtor, it is not and cannot be completely determinative since there is no finding in the FINRA order which relates specifically to Mr. Anderson nor his actual investment in any of the wells in question. Specifically, it should be noted that the largest claim made by Plaintiffs in their Motion for Partial Summary Judgment, the Boonsville #2, was a well in which Mr. Anderson forfeited his interest in 2010, some seven years before the FINRA complaint.

## STATEMENT OF FACTS

13. Beginning in 2009, Allan Anderson invested in four joint ventures being offered by Regal Energy LLC. These are the Blessing Joint Venture, The Boonsville #2 Joint Venture, the

Waggoner #1 and Waggoner #2 Joint Ventures. Mr. Anderson voluntarily forfeited his interest in the Boonsville #2 in October of 2010 and voluntarily forfeited his interest in the Blessing in August of 2014.

14. Brian Hardwick (the "Debtor") was the Chief Executive Officer of Regal Energy, LLC at all relevant times. Mr. Hardwick filed for bankruptcy in 2020. This adversary proceeding was filed by The Allan G. Anderson Revocable Living Trust on October 20, 2021.

15. The Plaintiffs have filed a Motion for Partial Summary Judgment in this matter.

16. The page references to Exhibit A-1 attached to the Declaration of Mr. Anderson are almost uniformly incorrect.

17. The Motion for Partial Summary Judgment has two claims. One is the filing of an agreed judgment and the other is an order issued by FINRA in relation to an enforcement action.

18. As it relates to the settlement agreement, there is no finding in either the settlement agreement or in the agreed judgment of any Section 523(a)(19) violations by either Regal or Debtor.

19. Additionally, there is no finding of any violation of any securities laws or finding of any fault whatsoever against Debtor as it relates to the settlement agreement and/or the agreed judgment in the state court.

20. As to the FINRA finding, Allan Anderson was never a party to the FINRA matter and was in no way involved in the enforcement action.

21. The FINRA enforcement action related to five joint ventures: the Boonsville #2 Joint Venture, the Waggoner #1 Joint Venture, the Waggoner #2 Joint Venture, the Cosper #1 Joint Venture and the Pierce #1 Joint Venture.

22. The first misrepresentation finding by the Panel was that by failing to include the AFE (Authorization for Expenditures) and the CIMs (Confidential Information Memorandum) for Boonsville #2 and Waggoner #1, the Debtor intentionally omitted material facts. In this regard it should be noted that the AFE was included in the Waggoner #2 which was purchased by Mr.

Anderson so this venture cannot relate to that alleged violation. In addition, it should be noted that as to the Boonsville #2, the actual costs were 10% less than anticipated by the AFE and that as to the Waggoner #1, the actual costs were 23% higher than the AFE. This resulted in a management fee that was 15% higher on the Boonsville #2 and 43% lower on the Waggoner #1. Therefore, there is no reasonable basis on which to conclude that any damages were suffered by Plaintiffs as a result of finding number one. There is also no evidence of whether or not the AFEs were received by or reviewed by Plaintiff.

23. The next finding by the Panel was that there was a material fact misrepresentation in Regal Energy's prior activities in the Boonsville #2 Confidential Information Memorandum. That relates to the fact that the Confidential Information Memorandum listed total amounts received by the wells as opposed to just the exact amount distributed to each investor. There is no evidence in the Motion for Partial Summary Judgment that it was reviewed by or relied on in any form or fashion by Mr. Anderson in making his investment decision. There is no evidence whether the Confidential Information Memoranda were received or reviewed by Plaintiff.

24. The next finding by the Panel is that Regal failed to disclose a conflict of interest in relation to the individuals from which it purchased the land lease from. Mr. Anderson did not purchase the Cosper #1 or the Pierce #1. Regarding the Boonsville #2, the Waggoner #1 and the Waggoner #2, what the Panel fails to disclose is that the cost of these leases was not assessed to the joint ventures and therefore had no financial impact of any kind on Mr. Anderson or any other investor in these joint ventures. Therefore, this could not have caused any damage to Mr. Anderson since it was of no financial impact to the joint ventures in question. There is also no evidence whether Plaintiff was or was not provided this information.

25. The next relevant finding is that respondents failed to disclose that Debtor prepared a report that he attributed to an independent geologist. The facts are that the original report was prepared by the geologist and that any subsequent reports that Debtor prepared were sent to the geologist for his review and approval. Nevertheless, there is no evidence that Mr. Anderson relied

on the geological reports in any form or fashion and therefore he cannot claim damages from this finding. There is also no evidence whether or not Plaintiff received or reviewed this information.

26. As to the damages sought by Plaintiffs in relation to the FINRA order it should be noted that the damages are apportioned pursuant to the FINRA sanction guidelines. These "guidelines" are not federal law and do not rise to the ability of recovery on behalf of Mr. Anderson.

27. Lastly, it should be noted that the FINRA order was never reduced to judgment and no attempt to enforce same was made by FINRA nor by any of the other investors in the joint ventures in question.

## ARGUMENT AND AUTHORITIES

28. As it relates to the settlement agreement and agreed judgment in question, Plaintiffs are attempting to get a summary judgment based upon mere allegations. There is nothing in the settlement agreement nor in the agreed judgment which in any way creates any finding of any liability on "behalf of Debtor".

29. While this may give rise to an adversary proceeding, it certainly cannot rise to the level of a summary judgment. It has almost uniformly been held that in order to recover under Section 523(a)(19) there must be a showing that the debt is "for" a violation of federal or state securities or "for" common law fraud in connection with the sale of a security. In order to satisfy this there must be a finding that there was violation of the federal securities law or a fraudulent act. *Tillman Enters, LLC v. Horlbeck (In re Horlbeck)*, 59 Br. 818 (Bankr. No. Dist. Illinois 2018); *Elizabeth Mollasgo v. James Douglas Tills*, Bankruptcy 419 Br. 444 (So. Dist. California 2009). This same standard under which the Court may go behind the settlement agreement to determine if fraud actually occurred has been the standard set up by the United States Supreme Court since 1979. *Archer v. Warner*, 123 S. Ct. 1462 (2003) *citing Brown v. Felsen*, 442 U.S. 127 (1979). Both these cases stand for the fact that under Section 523 the Bankruptcy Court should factually determine whether or not a violation of the statute has occurred in order to disallow discharge in

Page 6

bankruptcy court. Therefore, it is clear that the Court should not grant a summary judgment as it relates to a settlement agreement or agreed judgment which has no statement of any fault of any party.

30. As to the FINRA matter, it should first be noted that FINRA is a private, nonprofit corporation whose members are registered brokers and dealers of securities that is registered with the SEC. FINRA creates and enforces rules that govern the industry alongside the SEC but none of this, nor anything else, transforms FINRA's rules into "regulations" or "orders" issued under the pertinent securities laws. *Gilbert Schouten v. Robert Jakubika*, Case No. 15-21424-GMH, (Bankr. E. Dist. Wisconsin Sept.30, 2018). As such, violation of a FINRA rule such as set out in the order in question is not a violation of federal securities laws and cannot be used under Section 523(a)(19).

31. As to the findings in the FINRA enforcement order which relate to violations of federal securities laws, the law is clear that these findings must be specific and essential. More specifically, in order to have issue or claim preclusion, the party seeking preclusive effect under Texas law must show three things:

1. The facts sought to be litigated in the second action were fully and fairly litigated in the first action;

2. Those facts were essential to the judgment in the first action; and

3. The party against whom the doctrine is asserted was a party or in privity with a party to the first action.

*Reticulum Mgt. v. Wattens*, No. 20-30553 (Bankr. N.D. Texas Aug. 24, 2021)

32. None of these requirements are met by Plaintiffs' Motion for Partial Summary Judgment. As to number one, there is no evidence in this record that Allan Anderson was in any way involved in the FINRA hearing or that the information provided to him was consistent with the findings in the FINRA hearing. There is no information as to what additional information, if any, he was given nor any statement by FINRA that Mr. Anderson was in any way harmed or showed any reliance for any alleged fraud. As to number two, the facts in the FINRA order were

general and in no way specific to Mr. Anderson. The facts required for the Trust to recover on Mr. Anderson's behalf would be specifically showing the information he received as well as statements made to him in making his investment determination. There is nothing in this record that shows that a Confidential Information Memorandum was even given to Mr. Anderson nor that he relied on anything contained in any violation alleged by FINRA. As to number three, Mr. Anderson was not a party to the FINRA action nor was he in privity with any party. The parties to the action were FINRA, Regal Energy, LLC, Red River Securities, LLC and Brian Hardwick. Mr. Anderson has not shown in his Motion for Partial Summary Judgment that he was in privity with any of these parties.

33. As can be seen by the attached Declaration of Brian Hardwick, there are many facts in dispute in relation to this matter. Plaintiffs may have demonstrated that they are entitled to an evidentiary hearing on this matter but they have wholly failed to prove that they are entitled to judgment as a matter of law. They have failed to provide the requisite evidence and according to the Texas Supreme Court cases above, the summary judgment in question must be denied.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that Plaintiffs' Motion for Partial Summary Judgment be denied and for such other relief to which he may show himself entitled.

Dated: March 10, 2022.

Respectfully submitted,

Mark A. Hendrix
Texas Bar No. 09460500
Krage & Janvey, L.L.P.
2100 Ross Avenue, Suite 2600
Dallas, TX 75201
Telephone: 214-397-1905
Facsimile: 214-220-0230
mhendrix@kjllp.com

Attorneys for Brian Keith Hardwick,
Defendant/Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2022, a true and correct copy of the foregoing Response was served by email attachment and electronic transmission through the Court's ECF noticing system on the following attorneys for Plaintiffs:

> Mark Alexander, Esq.
> 5080 Spectrum Drive, Suite 850E
> Addison, TX 75001; and
>
> Michael W. Sebesta, Esq.
> Cavazos Hendricks Poirot, P.C.
> Founders Square, Sie 570
> 900 Jackson Street
> Dallas, TX 75202.

MARK A. HENDRIX