Mark Alexander
Texas State Bar No. 01007500
5080 Spectrum Drive, Suite 850E
Addison, TX 75001
Telephone: 992-544-6968
Facsimile: 972-421-1500
mark@markalexanderlaw.com

Attorneys for Andrew H. Anderson and
Lori Anderson, as Co-Trustees of the
Allan G. Anderson Revocable Living Trust

Michael W. Sebesta
State Bar No. 24033171
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7306
Fax: (214) 573-7399
Email: msebesta@chfirm.com

Attorneys for Andrew H. Anderson and Lori Anderson, as Co-Trustees of the Allan G. Anderson Revocable Living Trust

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In Re:<br><br>BRIAN KEITH HARDWICK<br>1724 TURNBERRY LANE<br>ALLEN, TX 75002<br>xxx-xx-3183<br>Debtor<br><br>SARA ANN HARDWICK<br>1724 TURNBERRY LANE<br>ALLEN, TX 75002<br>xxx-xx-9767<br>Joint Debtor | § § § § § § § § § § § § § § § | Case No. 20-42475-BTR-7 |
| ANDREW H. ANDERSON AND LORI ANDERSON, AS CO-TRUSTEES OF THE ALLAN G. ANDERSON REVOCABLE LIVING TRUST<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN KEITH HARDWICK<br><br>Defendant. | § § § § § § § § § § § § § § § § | Adversary No. 21-04065 |

**PLAINTIFFS' OBJECTIONS AND REPLY TO DEBTOR'S [DEFENDANT HARDWICK'S] RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

COMES NOW Andrew H. Anderson and Lori Anderson, as Co-Trustees of the Allan G. Anderson Revocable Living Trust (the "Plaintiffs"), in their capacity as creditors in the above captioned case and Plaintiffs in this adversary proceeding, and hereby files these objections and reply (the "Reply") to the **Debtor's Response to Plaintiffs' Motion for Partial Summary Judgment and Brief in Support Thereof** (Docket No. 26, the "Response"), as follows:

**RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE**

1. Regarding paragraph 1 of the Response, Plaintiffs observe that all or substantially all of the documents Plaintiffs attempt to prove up are documents that Defendant admitted were true and correct copies, or that Defendant produced to Plaintiffs during this litigation.

2. Regarding paragraph 2 of the Response, paragraph 10 of the Declaration of Andrew H. Anderson in support of the Plaintiffs' Motion for Partial Summary Judgment (the "Anderson Declaration") and the attached exhibit A-1 (the First Amended Complaint excerpts) were included because they are part of the record in this adversary proceeding, and, together with Exhibit A-2, reflect that the Defendant admitted that Exhibits A, B and E to the Amended Complaint are authentic documents. *See* Ex. A-1 p. 6 ¶ 30, p. 7 ¶ 32 and p 8 ¶ 39; Ex A-2 p. 3 ¶¶ 30, 32 and 39. The court can appropriately consider the record in relation to deciding a motion for summary judgment. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

3. As to Defendant's hearsay objection in paragraph 2 of the Response to paragraph 10 of Plaintiff's evidence, the Court can take judicial notice of the filing of the Complaint and its attachments. Exhibits A, B and E to Plaintiff's Amended Complaint were likewise included because they are part of the record in this adversary proceeding, and together with Defendant's Answer, also reflect relevant admissions by Defendant, namely that Exhibits A, B and E to the Complaint are authentic copies of the originals. *See* Ex. A-1 p. 6 ¶¶ 30; 32 & 39; Ex. A – 2 p. 3 ¶ 30, 32 and 39. Moreover, Defendant produced a copy of Exhibit B (the "FINRA Order") as

part of his discovery responses. *See* Plaintiff's Ex. A-4 pp 4-5 (table referencing folder "Production 14" and "FINRA Ruling Doc"). In further response, the FINRA Complaint and FINRA Order are not hearsay under F.R.E. 408 because they are not being offered to prove the truth of the factual matters asserted therein, but for the purpose of showing that the legal basis of the underlying resulting debt is violation of securities laws and/or fraud or fraudulent misrepresentation in relation to the sale of securities within the meaning of §523(a)(19)(A), and for the purposes of showing that Defendant is collaterally estopped from controverting the findings therein, as a matter of law. [1] Insofar as it may be nonetheless necessary or helpful, attached is a supplemental declaration from Andrew Anderson (Exhibit C) with certified copies of the FINRA Complaint and FINRA Order. [2]

4. Regarding paragraph 3 of the Response, paragraph 11 of the Anderson Declaration is merely introducing Defendants' Answer, which is part of the record herein. and which the court can appropriately consider on a motion for summary judgment. The portions of Defendant's Answer that are included constitute statements by a party opponent and/or statements by the party's agent while within the scope of that relationship and are therefore not hearsay under F.R.E. 801(d)(2). Alternatively, such statements are also an admission against interest, making them exceptions to the hearsay rule under F.R.E. 804(b)(2).

5. Regarding paragraph 4 of the Response addressing paragraph 12 of the Anderson Declaration, Defendant's Answer in the FINRA proceeding is not hearsay under F.R.E. 408 because it is not being offered to prove the truth of the factual matters asserted therein, but for the purpose of showing that the legal basis of the underlying resulting debt is violation of

---

[1] As explained below, collateral estoppel is modified in the context of §523(a)(19).
[2] Last fall Plaintiffs' counsel got the mistaken impression FINRA did not provide such certifications, but re-visited the matter in light of Defendant's objections, and obtained certified copies of such documents this week. The circumstances also warrant admission of such documents under F.R.E. 807.

**Plaintiffs' Objections and Reply to Debtor's [Defendant Hardwick's] Response to
Plaintiff's Motion for Partial Summary Judgment and Brief in Support Thereof**        **Page 3 of 11**

securities laws and/or fraud or fraudulent misrepresentation in relation to the sale of securities within the meaning of §523(a)(19)(A), and for the purposes of showing that Defendant is collaterally estopped from controverting the findings made therein as a matter of law.

6. Regarding paragraph 5 of the Response, Defendant's objections to paragraphs 21, 23, 24 and 25 of the Anderson Declaration, these all relate to FINRA records. These are not hearsay under F.R.E. 408 because they are not being offered to prove the truth of the factual matters asserted therein, but for the purpose of showing that the legal basis of the underlying resulting debt is violation of securities laws and/or fraud or fraudulent misrepresentation in relation to the sale of securities within the meaning of §523(a)(19)(A). Moreover, they are publicly available records of which the Court can take judicial notice under F.R.E. 201. Regarding Defendant's objections to paragraph 22 of the Anderson Declaration, the docket sheet for this adversary proceeding is a public record, and a record herein, which the Court can take judicial notice of under F.R.E. 201 and appropriately consider in a motion for summary judgment. Regarding Defendant's objections to paragraphs 26 – 28, each of those documents are not hearsay under F.R.E. 408 because they are not being offered to prove the truth of the factual matters asserted therein, but for the purpose of showing that the legal basis of the underlying resulting debt is violation of securities laws and/or fraud or fraudulent misrepresentation in relation to the sale of securities within the meaning of §523(a)(19)(A).

7. Regarding paragraph 6 of the Response, the Anderson Declaration paragraph 33 merely states a conclusion Mr. Anderson reached based on his review of the evidence. He can do this under F.R.E. 701. Moreover, Defendant admits he did not pay any restitution as required. Ex. A-4 pp. 3-4 ¶¶ 4-9.

8. Regarding paragraph 7 of the Response, with objections to paragraphs 35-44 of the Anderson Declaration, Mr. Anderson is merely using the underlying documents to determine

damages, which is permissible under F.R.E. 701. Moreover, damages determined by FINRA are an appropriate manner of calculating damages. *In re Jones*, 600 B.R. 561, 569 (Bankr. W. D. Tex 2019) (FINRA damage award left undisturbed despite not specifically indicating whether it was awarding damages, attorneys' fees, and costs based on certain or all of FINRA claims).

9. Regarding paragraph 8 of the Response, paragraph 46 of the Anderson Declaration is merely stating the obvious.

10. Regarding paragraph 9 of the Response, paragraph 50 of the Anderson Declaration is simply telling the Court what he requests based on what he believes the presented evidence warrants, which is likewise permissible under F.R.E. 701.

## OBJECTIONS TO DECLARATION OF BRIAN KEITH HARDWICK

11. Plaintiffs object to Defendant's characterization of the amounts awarded by FINRA as a fine. The FINRA Ruling provides for restitution.

12. Plaintiffs object to the last sentence of paragraph 2 of the Declaration of Brian Keith Hardwick (the "Hardwick Declaration") on the grounds that the statements made in that sentence constitute hearsay and speculation and are not in a form admissible as evidence. There is nothing in the record or evidence to support such statement.

13. In response to paragraph 5 of the Hardwick Declaration, Plaintiff's counsel investigated and discovered that he inadvertently failed to ensure the Anderson Declaration was marked as Exhibit A.[3] Citations to Exhibit A are actually references to the Andy Declaration and references to Exhibit B are references to Lori's Declaration. Counsel believes this clarification resolves the citation issue and apologizes for any inconvenience to the reader.

14. Plaintiffs object to the last sentence of paragraph 6 of the Hardwick Declaration

---

[3] The intent was to mark the Andy Declaration itself as Exhibit A, and Lori's Declaration as Exhibit B.

on the grounds that they are hearsay and mischaracterize the documents, which speak for themselves.

15. Plaintiffs object to paragraph 7 of the Hardwick Declaration on the grounds that it is hearsay and is based a document that is not part of the evidence for Plaintiff's Motion.

16. Plaintiffs object to paragraph 8 of the Hardwick Declaration on the grounds that it is hearsay and is based on a document that is not part of the evidence for Plaintiff's Motion.

17. Plaintiffs object to the references in paragraphs 9 and 10 of the Hardwick Declaration to the FINRA action as an "enforcement action" on the grounds that it is hearsay and may or may not accurately characterize the documents, which speak for themselves.

18. Plaintiffs object to paragraphs 11 – 14 of the Hardwick Declaration on the grounds that they are hearsay, the underlying documents speak for themselves, and Defendant is estopped from re-litigating these matters. *See Jones,* 600 B.R. at 567-569; *see also In re Minardi*, 536 B.R. 171, 192-193 (Bankr. E.D. Tex. 2015) (contrasting "normal" issue preclusion with issue preclusion under §523(a)(19) which preempts common law collateral estoppel).

19. Plaintiffs object to paragraph 15 of the Hardwick Declaration because it is hearsay and irrelevant in light of the plain language of §523(a)(19) permitting "any" damages.

20. Plaintiffs object to the statement in paragraph 16 of the Hardwick Declaration that "no attempt to enforce same was made by FINRA nor by any of the other investors in the joint ventures in question" on the grounds that it is hearsay and irrelevant.

## SUMMARY OF ARGUMENT [4]

21. It's not surprising that Defendant would want to re-litigate claims against him on

---

[4] The Summary of Argument in the Response contains arguments that are not addressed in the Argument and Authorities Section of the Response. Accordingly, Plaintiffs are responding here to the assertions in the Summary of Argument portion of the Response but will not elaborate further in the Argument and Authorities Section below except to the extent warranted by Response content.

**Plaintiffs' Objections and Reply to Debtor's [Defendant Hardwick's] Response to**
**Plaintiff's Motion for Partial Summary Judgment and Brief in Support Thereof**     **Page 6 of 11**

which he has already, twice, had unfavorable rulings. However, §523(a)(19) precludes such an approach. *See Jones*, 600 B.R. at 567-569; *see also In re Minardi*, 536 B.R. 171 at 192-193.

22. Defendant's argument in paragraph 10 of the Response that the summary judgment based on the state lawsuit must fail because there are no supporting findings overlooks the reality that there are no claims or allegations made in the state lawsuit other than ones that give rise to a non-dischargeability claim under §523(a)(19).

23. Defendant argues in paragraph 11 of the Response that the lack of a final order based on the FINRA Order is fatal. This is incorrect. This Court has the authority to enter an order confirming or memorializing the FINRA Order and should do so based on the evidence here. *See In re Horlbeck*, 589 B.R. 818, 833 (Bankr. N.D. Ill. 2018), citing *Jansma*, 2010 WL 282511 at *6; *see also In re Civiello*, 348 B.R. 459 (Bankr. N.D. Ohio 2006)

24. In paragraph 11 of the Response, Defendant also argues the FINRA damages cannot be used under section 523 to find damages and prevent discharge. Plaintiffs disagree. Whether there was a violation of FINRA rules is irrelevant. FINRA found that Defendant violated securities laws and ordered payment of restitution to investors. The plain language of §523(a)(19) defeats Defendant's damage argument. That code section permits "any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor." This is very broad, not limiting, language.

25. The FINRA order plainly pertains to investors in the wells at issue. Defendant admitted that Plaintiffs' parents invested in wells addressed by the FINRA ruling. This entitles them to restitution under the FINRA order.

26. Defendant has adduced no credible, admissible evidence that Mr. Anderson forfeited his interest in the Boonsville #2 well in 2010, or in any other well, for that matter.

27. As to paragraph 12 of the Response, Defendant misconstrues the application of

principals of collateral estoppel in the context of §523(a)(19). The FINRA ruling, together with the additional facts supplemented by Plaintiffs, is sufficient to entitle them to summary judgment under §523(a)(19) based on the FINRA Order.

## ARGUMENT AND AUTHORITIES

28. A central purpose of §523(a)(19) is to avoid the relitigation of securities fraud cases and preclude the necessity of investors spending precious resources to reprove securities law violations in bankruptcy court. *In re Jones*, 600 B.R. at 568; *Kokas v. Osborne* (*In re Osborne*), No. 16-40903, Adv. No. 4068, 2017 WL 1232407, at *4 (Bankr. E.D. Tex. Apr. 3, 2017). Defendant should not be permitted to force such an inefficiency.

29. Plaintiff's motion, premised on the state court litigation, is rooted in the underlying petition and the agreed judgment. Defendant's argument that findings are necessary appears to overstate the requirement on the circumstances here because the only claims brought in the state lawsuit were based on securities law violations and fraud in relation to the sale of securities. There is nothing the debt could be "for" except claims actionable under §523(a)(19). Defendant agreed to liability based on those claims. No settlement agreement is in evidence, and Defendant's argument begs the question of how findings would be made in a settlement.

30. As to FINRA, Defendant asserts in paragraph 30 of the Response that violation of a FINRA rule cannot be used under Section 523(a)(19). However, the FINRA ruling found that respondents fraudulently misrepresented and omitted material facts in violation of FINRA Rules 2020 and 2010, as well as in violation of provisions of the Exchange Act. Ex. A-1 p. 61. It is beyond conjecture that these violations of FINRA rules support a claim under §523(a)(19).

31. More importantly, FINRA has already found that Defendant violated securities laws. Ex. A-1 p. 61. Plaintiffs do not seek to relitigate this issue but demonstrate that the FINRA decision satisfies the requirements of §523(a)(19)(A). *See* Jones at 568-569.

Furthermore, it is not necessary that the FINRA tribunal precisely specify what or which claims or damages the award is for. *See Jones* 600 B.R. at 569.

32. Instead of challenging the FINRA findings of securities law violations, Defendant argues in paragraph 31 and 32 of his Response that Plaintiffs must satisfy requirements of Texas issue preclusion common law and provide specific evidence. As explained in the *Jones* case, such requirements are not necessary. *Id.* at 567-569. Moreover, the *Reticulum Mgt.* opinion on which Defendant apparently relies [5] does not involve 523(a)(19) and thus is inapplicable here.

33. Against this backdrop, it is apparent that Defendant wants to re-litigate the underlying issues. His arguments in paragraphs 32 and 33 of his response are an attempt to do just that. However, the lengthy FINRA ruling finds that Defendant, among others, engaged in a pattern of misrepresentations and omissions that spanned nearly four years and involved sales totaling approximately $25 million to 456 investors, noting that the scope and magnitude of the misconduct is remarkable. Ex. A-1 p. 95. FINRA found Defendant's misconduct to be egregious and ordered Defendant to pay restitution to the injured customers. Ex. A-1 p. 90. Plaintiffs submit that the FINRA ruling satisfies the requirements of 523(a)(19). *See Jones* at 568-569.

34. Although the FINRA ruling does not name the individual investors, it is clear that it applies to all investors. *See* Ex. A-1 p. 90-91 (references to "each of the 156 investors in the Boonsville #2 offering", "each investor's total investment less distributions received" and "each" of the investors in the Waggoner offerings). Defendant has admitted that Allan G. Anderson and Marie Anderson invested in these wells. Ex. A-4 p. 3. Moreover, the FINRA Ruling provides the means of calculating damages. [6]

---

[5] Defendant does not provide a citation, and Plaintiffs' counsel was unable to find a reported version of the opinion.
[6] Although Defendant has failed to do this and failed to pay any restitution, as the FINRA ruling requires, he complains about Plaintiffs' attempts to calculate damages.

35. Finally, the plain language of the code section affords this Court the latitude to fill any remaining gaps, such as the details of proof of damages, and entering an order confirming the FINRA award against Defendant. *See In re Horlbeck*, 589 B.R. 818, 833 (Bankr. N.D. Ill. 2018) (noting §523(a)(19) does not limit a bankruptcy court's authority to reach a substantive decision on a securities claim) *citing Jansma*, 2010 WL 282511 at *6; *see also Civiello*, 348 B.R. 459 (Bankr. N.D. Oh. 2006). In *Civiello*, which is quite analogous to the facts here, a cease-and-desist order was entered against Defendant. It did not specifically involve the plaintiffs therein. In moving for summary judgment under §523(a)(19), the plaintiffs argued that the cease-and-desist order met §523(a)(19)(A), and asked the bankruptcy court to find subsection (B) is satisfied because the order entitled them to damages, and enter judgment memorializing the debt. The bankruptcy court agreed with Plaintiffs, entering summary judgment in their favor. Notably, like the defendant in *Civiello*, the Defendant herein had an opportunity to participate in the underlying proceeding, appeared, and did so. Ex. A-1 p. 7 ¶ 31; Ex. A-2 p. 3 ¶ 31; Ex. A-1 p. 45.

WHEREFORE, the Plaintiffs pray that Defendant's objections be overruled, that Plaintiffs' objections to Defendant's evidence be sustained, that Plaintiffs' Motion be granted, and for such other relief to which the Plaintiffs may be entitled.

/s/ Michael W. Sebesta
Michael W. Sebesta
State Bar No. 24033171
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7306
Fax: (214) 573-7399
Email: msebesta@chfirm.com

Attorneys for Andrew H. Anderson and
Lori Anderson, as Co-Trustees of the
Allan G. Anderson Revocable Living Trust

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2022, a true and correct copy of the foregoing was served via the CM/ECF system upon all parties receiving such service in this adversary proceeding, and via electronic mail and/or first-class mail, postage prepaid, upon the following:

Mark A. Hendrix  
Krage & Janvey, LLP  
2100 Ross Avenue, Suite 2600  
Dallas, TX 75201  
mhendrix@kjllp.com  

Honarable Judge Searcy  
US Bankruptcy Court  
110 North College Ave  
9th Floor  
Tyler, Texas 75702  

                                                /s/ Michael W. Sebesta  
                                                Michael W. Sebesta