UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BRIAN KEITH HARDWICK** | § | Case No. 20-42475 |
| **SARA ANN HARDWICK** | § | |
| | § | |
| Debtors | § | Chapter 7 |

| | | |
|---|---|---|
| ANDREW H. ANDERSON AND LORI | § | |
| ANDERSON, AS CO-TRUSTEES OF | § | |
| THE ALLAN G. ANDERSON | § | |
| REVOCABLE LIVING TRUST | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Adversary No. 21-04065 |
| | § | |
| BRIAN KEITH HARDWICK | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OF DECISION REGARDING PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGEMENT**

ON THIS DATE the Court considered the "Motion for Partial Summary Judgement" (the "Motion") filed by Plaintiffs, Andrew H. Anderson and Lori Anderson, in their capacity as Co-Trustees of the Allan G. Anderson Revocable Living Trust (the "Plaintiffs"), on February 10, 2022, and the related objection, reply, and other related documents filed in the above-referenced adversary proceeding. Plaintiffs' Motion seeks partial summary judgment excepting indebtedness owed them from discharge under 11 U.S.C. § 523(a)(19). Plaintiffs do not seek summary judgment on the other claims

1

included in their Amended Complaint.[1] Upon due consideration of the pleadings, the proper summary judgment evidence submitted by the parties, and the relevant legal authorities, the Court concludes that no genuine issues of material fact remain to preclude entry of a partial summary judgment for Plaintiffs under 11 U.S.C. § 523(a)(19). For the reasons explained in this memorandum, Plaintiffs' Motion is GRANTED.

## I. Jurisdiction

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). The Court has the authority to enter a final judgment in this adversary proceeding because it constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## II. Facts

Brian and Lori Anderson (the "Plaintiffs") are siblings.[2] Allan and Maria Anderson were Plaintiffs' parents.[3] Both Allan and Maria are deceased.[4] After their parents' passing, Plaintiffs became the Co-Trustees of the Allan G. Anderson Revocable Trust (the "Trust").[5] While Allan was still alive, he invested in four different joint ventures being operated by Regal

---

[1] Pl. Am. Compl., ECF No. 13.
[2] Pl. Mot. Summ. J., ECF No. 25 at 3.
[3] *Id.*
[4] *Id.*
[5] *Id.*

2

Energy, LLC ("Regal").[6] Keith Hardwick (the "Defendant") was the CEO of Regal during all relevant times.[7] It was later discovered that these joint venture investments were fraudulently obtained from Allan, resulting in litigation against Defendant and an enforcement action by the Financial Industry Regulatory Authority ("FINRA").[8]

On July 27, 2015, FINRA filed an enforcement complaint against Defendant.[9] On or about February 9, 2017, FINRA issued a decision and order.[10] FINRA's decision and order determined that Defendant made material misrepresentations or omissions in connection with the purchase or sale of a security acting with scienter.[11] No evidence was submitted that the FINRA order has been confirmed by any court or agency.

Allan Anderson and Plaintiff, Lori Anderson, as the Executrix of Mrs. Anderson's estate, sued Defendant in Case No. 429-0416-2016, styled *Allan Anderson, et al., vs. Regal Energy, LLC, et al.*, in the District Court for the

---

[6] The four Joint Ventures are Blessing Joint Venture, The Boonsville #2 Joint Venture, The Waggoner #1 Joint Venture, and The Waggoner #2 Joint Venture. Def. Obj., ECF No. 26 at 3-4.
[7] *Id.* at 4.
[8] Assets of the Trust include rights under the agreed judgment and FINRA order against Defendant. *See* Pl. Mot. Summ. J., ECF No. 25 at 5.
[9] Def. Orig. Ans. to First Am. Compl., ¶ 30, 3, ECF No. 19, admitting ¶ 30 in Pl. First Am. Compl., ECF No. 13; *see also* Pl. Mot. Summ. J. at Ex. A-2.
[10] Def. Orig. Ans. to First Am. Compl., ¶ 32, 3, ECF No. 19, admitting ¶ 32 in Pl. First Am. Compl., ECF No. 13; *see also* Pl. Mot. Summ. J. at Ex. A-2.
[11] Def. Orig. Ans. to First Am. Compl., ¶ 33, 3, ECF No. 19, admitting ¶ 33 in Pl. First Am. Compl., ECF No. 13; *see also* Pl. Mot. Summ. J. at Ex. A-2.

429th Judicial District of Collin County, Texas on February 1, 2018.[12] In this state court case, the claims brought against Defendant were all either for violations of securities law, or for fraud in connection with the sale or purchase of securities.[13] Specifically, the causes of action alleged in state court were fraud, fraud in the inducement, fraud by nondisclosure, fraudulent concealment, rescission under sections 33(A)(1) and 33(A)(2) of the Texas Securities Act, and for joint and several liability of Defendant under section 33(F)(1) of the Texas Securities Act.[14] Defendant filed an answer in the state court case.[15] Defendant entered into a mediated settlement agreement with Plaintiffs on August 20, 2019 settling the causes of action alleged in the state court case.[16] This settlement agreement, signed by Defendant, does not contain any express denial of liability but does state that "[t]he parties have all had the opportunity to review and approve this mediated settlement agreement."[17] An agreed judgment was thereafter entered against Defendant in the state court case on October 4, 2019.[18] This agreed judgement awarded Plaintiffs actual damages of $3,252,399.68 plus

---

[12] Pl. Mot. Summ. J., ECF No. 25 at 4.
[13] *Id.*; *see also* Pl. Mot. Summ. J. at Ex. A-17.
[14] *Id.*
[15] *Id.* at Ex. A-19.
[16] Def. Orig. Ans. to First Am. Compl., ¶ 38, 3, ECF No. 19, admitting ¶ 38 in Pl. First Am. Compl., ECF No. 13; *see also* Pl. Mot. Summ. J. at Ex. A-2.
[17] Ex. D incorporated into ¶ 38 in Pl. First Am. Compl., ECF No. 13 and admitted in Def. Orig. Ans. to First Am. Compl., ¶ 38, 3, ECF No. 19.
[18] Def. Orig. Ans. to First Am. Compl., ¶ 39, 3, ECF No. 19, admitting ¶ 39 in Pl. First Am. Compl., ECF No. 13; *see also* Pl. Mot. Summ. J. at Ex. A-1, Pg. 94-95.

interest.[19] Further, the agreed judgment stated that "[t]his agreed judgment finally disposes of all claims against Defendant, Brian Keith Hardwick." [20]

On December 17, 2020, Defendant and his wife filed a voluntary Chapter 7 petition.[21] Defendant admitted on his schedules that he owed Plaintiffs' parents' estate a total of $3,252,399.68.[22] Defendant has already received his discharge except to the extent that any of his debts survived it.[23]

Plaintiffs initiated this adversary proceeding by filing their complaint on March 22, 2021.[24] Defendant answered the complaint, filed a counter claim, and filed a motion to dismiss the case on April 22, 2021.[25] Defendant's motion to dismiss the case was itself dismissed on June 9, 2021 after an amended complaint was filed.[26] Plaintiffs filed this motion for summary judgement on February 10, 2022.[27] Defendant filed an objection to the motion on March 10, 2022.[28] Plaintiffs filed a reply to Defendant's response to the Motion on March 24, 2022.[29]

---

[19] *Id.*
[20] *Id.*
[21] Chapter 7 Voluntary Petition, Case No. 20-42475, ECF No. 1.
[22] Debtor's Original Schedules, Case No. 20-42475, ECF No. 9 at 15; *see also* Pl. Mot. Summ. J. at Ex. A-20.
[23] Order Discharging Both Debtors, Case No. 20-42475, ECF No. 32.
[24] ECF No. 1.
[25] ECF Nos. 5 and 6.
[26] ECF No. 15.
[27] ECF No. 25.
[28] ECF No. 26.
[29] ECF No. 27.

### III. Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56 so as to apply to adversary proceedings. Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The way the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077 n.16 (5th Cir. 1994). "A fact is material only if its resolution would affect the outcome of the action. . . ". *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009). "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing

*Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### III. Analysis

The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Harasymiw*, 895 F.2d 1170, 1172 (7th Cir. 1990); *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 961 (Bankr. N.D. Ill. 1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *see also In re McFarland*, 84 F.3d 943, 946 (7th Cir.), cert. denied, 519 U.S. 931 (1996); *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *In re Scarlata*, 979 F.2d 521, 524 (7th Cir. 1992) (quoting *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985)); *In re Morris*, 223 F.3d 548, 552 (7th Cir.2000); *In re Reines*, 142 F.3d 970, 972–73 (7th Cir. 1998), cert. denied, 525 U.S. 1068 (1999).

A debt may be found nondischargeable if it meets the requirements of 11 U.S.C. § 523(a)(19).[30] This provision was added to 11 U.S.C. § 523 "in

---

[30] This provision specifically states that a debt is nondischargeable if it:

7

order 'to make judgments and settlements based upon securities law violations nondischargeable, protecting victims' ability to recover their losses.'" *Wright v. Minardi*, 536 B.R. 171, 191 (Bankr. E.D. Tex. 2015), quoting *In re Chan*, 355 B.R. 494, 503 (Bankr. E.D. Pa. 2006). This addition was "intended to preclude the necessity of securities regulators and investors to spend precious enforcement resources to 'reprove' securities law" *Id*.

Two conditions must be met for § 523(a)(19) to make a debt dischargeable. "First, the debt must be for a violation of state or federal securities law, or for common law fraud, deceit, or manipulation in connection with a sale of any security." *Nationwide Judgement Recovery Inc. v. Sorrells*, 644 B.R. 158, 164 (Bankr. E.D. Tex. 2022). "Second, the debt must result from a judgement or court order." *Id*. To satisfy this second element, the debt may also result from "any settlement agreement entered into by the debtor" or from "any court or administrative order for any damages, fine,

---

"(A) is for (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and (B) results, before, on, or after the date on which the petition was filed, from (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding; (ii) any settlement agreement entered into by the debtor; or (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor."

11 § US.C. 523(a)(19).

penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor." 11 U.S.C. §§ 523(a)(19)(B)(ii) and (iii); *see Minardi*, 536 BR. at 192; *see also McGraw v. Collier*, 497 B.R. 877, 902 (Bankr. E.D. Ark. 2013); *Faris v. Jafari*, 401 B.R. 494, 496 (Bankr. D. Colo. 2009). It should be up to "a tribunal other than the bankruptcy court determine the liability aspect — e.g., whether a federal or state securities violation or some type of related fraud has occurred." *Minardi*, 536 BR. at 192. After such a determination is made however, "and proof of the entry of that order or the existence of a settlement of such charges is tendered to the bankruptcy court, the debt is rendered nondischargeable under § 523(a)(19) without proof of any additional element." *Id.*; *see also Jenkins v. Jones*, 600 B.R. 561, 568 (Bankr. W.D. Tex. 2019)(following the two-prong test discussed in *Minardi*); *Kokas v. Osborne*, 2017 Bankr. LEXIS 931, at *10, 2017 WL 1232407, at *4 (Bankr. E.D. Tex. 2017)(also following *Minardi*).

The Motion seeks a partial summary judgment excepting from discharge under 11 U.S.C. § 523(a)(19) indebtedness derived from the agreed judgment, the FINRA order, or both. Defendant responds that summary judgment is inappropriate "as it relates to the Section 523(a)(19) claim based on the state lawsuit since there is no finding in either the settlement agreement nor in the agreed judgment of any securities violations which are

9

required under this Section."[31]  Defendant further responds that summary judgment "as it relates to the FINRA order must be denied insofar as there is no final judgment in relation to that order, which is fatal to Plaintiffs' argument in this matter."[32]  The Court will address each argument separately.

### A. State Court Agreed Judgment

Determining the nondischargeability of the state court judgment depends on whether it is "for" either the violation of any state or federal securities laws, or for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.[33]  Defendant's position is that neither the agreed state court judgment itself, nor the mediated settlement agreement to which Defendant consented, contain express language admitting liability. [34]  Defendant relies upon certain precedent to argue a statement of fault is required to show that the state court judgment is "for" a security law violation or fraud in connection with the purchase or sale of any security.[35]  It is correct that

---

[31] Def. Obj. Pl. Mot. Summ. J., ¶ 10, 3, ECF No. 26.
[32] *Id.*, ¶ 11, 3, ECF No. 26.
[33] Neither party disputes that the 429th Judicial District of Collin County, Texas is a "court" as contemplated by 11 § US.C. 523(a)(19)(B)(iii), nor that the state court agreed judgment is a "judgment . . . entered in any . . . State judicial . . .proceeding" as contemplated by 11 § US.C. 523(a)(19)(B)(i)."
[34] Def. Obj. Pl. Mot. Summ. J., ¶ 29, 6, ECF No. 26.
[35] Def. Obj. Pl. Mot. Summ. J., ¶ 29, 6, ECF No. 26.

neither the agreed state court judgment nor the mediated settlement agreement contain an express liability admission by Defendant. However, neither the agreed state court judgment nor the mediated settlement agreement contains an express *denial* of liability by Defendant either.[36] It is reasonable to ask then, what was the judgment "for" if not a securities violation or fraud in connection with a securities violation as argued by Defendant?

To answer this question, Plaintiffs point to the causes of action alleged in the state court suit. The petition in the state court case *only* alleged claims for fraud, fraud in the inducement, fraud by nondisclosure, fraudulent concealment, rescission under sections 33(A)(1) and 33(A)(2) of the Texas Securities Act, and for joint and several liability of Defendant under section 33(F)(1) of the Texas Securities Act.[37] Plaintiffs' claims for various types of fraud were clearly stated in the petition and derive from actions taken or representations made regarding the joint venture investments, i.e. to

---

[36] This absence matters because the Supreme Court has ruled that even "a settlement agreement containing a 'no admission of liability' clause does not preclude litigation of the nature of the underlying debt in bankruptcy court." *Winkler v. Pierce (In re Pierce)*, 563 B.R. 698, 706-07 (Bankr. C.D. Ill. 2017) (citing *Brown v. Felsen*, 442 U.S. 127 (1979)); *Archer v. Brown*, 538 U.S. 314, 319 (2003). Under *Brown*, bankruptcy courts may "look behind the settlement agreement to determine whether the nature of the underlying debt falls into one of the categories of debts that are not dischargeable pursuant to § 523(a)." *Id*.
[37] Pl. Mot. Summ. J., ECF No. 25 at Ex. A-17.

11

be connected with the purchase or sale of a security.[38] The Texas Securities Act is a State securities laws as contemplated by § 523(a)(19).

No claims alleged in the state court case are attributable to any theories other than violations of securities law, or fraud in connection with the sale or purchase of securities. It follows that by knowingly consenting to a judgment in the state court case, Defendant consented to a judgment "for" violations of securities law, or for fraud in connection with the sale or purchase of securities. No other claims were alleged which could possibly give rise to any other basis for the entry or existence of the judgment to which Defendant consented.

That no other possible basis for entry of the judgment exists is crucial to the outcome in this case. Some precedent seems to support Defendant's proposition that an express admission of liability is required for a judgment or settlement to be found nondischargeable under § 523(a)(19). One of these cases involved a settlement agreement in which Defendant expressly denied liability.[39] In another the plaintiff alleged numerous causes of action against the defendant, only some of

---

[38] *Id.*

[39] *See Mollasgo v. Tills*, 419 B.R. 444, 456 (Bankr. S.D. Cal. 2009)("In this case the Debtor has admitted neither fault nor liability. And unlike the *Whitcomb* defendant, the Debtor expressly reserved his right to assert innocence through Settlement Agreement language providing that entry into the settlement was not to be read as conceding fault or liability.")

12

which were for securities violations or related fraud.[40] In this case no express denial of liability was included in the settlement agreement, nor were any causes of action other than for securities violations or related fraud alleged. No evidence submitted by Defendant reflects that he denied liability yet agreed to the state court judgment. Nor does any evidence show the existence of any possible alternative claim or theory to which Defendant could have consented, thus creating a hypothetical issue of fact for determination.

The Court finds there is no genuine issue that the agreed state court judgment in this case is a determination of a securities violation or related fraud by a non-bankruptcy tribunal. There is also no genuine issue that the agreed state court judgment was entered.[41] Thus, following the two-step *Minardi* analysis under this Court's precedent, the agreed state court judgment in this case meets the requirements under § 523(a)(19) to be nondischargeable.

---

[40] *See In re Stalter*, No. 11-49584, 2012 WL 4482058, at *5 (Bankr. E.D. Mich. Sept. 25, 2012)("Moreover, as noted, Plaintiffs' complaint in the state court alleged numerous counts, including Civil Conspiracy, Concert of Actions, Breach of the Subscription Agreement and Specific Performance, Violation of the Michigan Uniform Securities Act, Fraud, Misrepresentation, Silent Fraud, Breach of Fiduciary Duty, Conversion, Unjust Enrichment, and Foreclosure. The Settlement Agreement does not mention any one of those counts.")

[41] Neither party disputes that the agreed state court judgment exists.

## B. FINRA Order

Plaintiffs argue that the FINRA order renders its indebtedness nondischargeable under § 523(a)(19) because FINRA determined that Defendant's company, Regal, committed security law violations and ordered an award paid in Plaintiffs' favor.[42] The problem for Plaintiffs is that the debt created by the FINRA order does not constitute a "judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding." 11 U.S.C. § 523(a)(19)(B)(i).

The Financial Industry Regulatory Authority ("FINRA") is a government authorized organization that regulates broker dealers engaging in the buying or selling of securities. *See Wiley v. SEC*, 663 F. App'x 353, 356 n.1 (5th Cir. 2016). In *Wiley*, the Fifth Circuit described FINRA as follows:

> "FINRA is a self-regulatory organization ("SRO") registered with the SEC under 15 U.S.C. § 78s. Although FINRA is not a government entity, it is responsible for the self-regulation of member brokerage firms, exchange markets, and individuals associated with those firms and markets. FINRA is empowered to discipline members for violations of their rules by suspension, expulsion, or by barring an individual from associating with a FINRA member. 15 U.S.C. § 78o-3(b)(7); *see also Fiero v. FINRA*, 660 F.3d 569, 574 (2d Cir. 2011). The SEC is charged with the oversight and supervision of SROs, including FINRA, and must approve all rules of an SRO before their implementation. Relevant to Wiley's case, appeals from decisions by FINRA are taken by the National Adjudicatory Counsel, which can then be appealed to the SEC. 15 U.S.C. § 78s(d)(2). The SEC performs an independent review of the record and applies a preponderance of

---

[42] Pl. Mot. Summ. J., ECF No. 25 at 6.

14

> the evidence standard when reviewing SRO disciplinary actions. *In re Levine*, SEC Release No. 48760, 2003 WL 22570694, at *2, *9 n.42 (Nov. 7, 2003)."

*Id*. Despite Plaintiffs' contentions, case law makes it clear that FINRA is not a federal administrative body but is instead a self-regulatory organization distinct from a normal administrative agency. *See D.L. Cromwell Investments, Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 162 (2nd Cir. 2002) (holding that the precursor to FINRA, the NASD, is not a government agency but a private actor); *North v. Smarsh, Inc.*, 160 F.Supp. 3d 63, 78 (Dist. Col. 2015) ("More importantly, the APA does not apply to SROs such as FINRA because FINRA is not an 'agency' within the meaning of the statute."); *In re Hartmann*, 2011 WL 2118870 at * 4 (Bankr. D. Col. 2011)( "Therefore, absent confirmation of the Arbitration Award by a court of competent jurisdiction, the award alone cannot provide a basis for the dischargeability of debt under § 523(a)(19)."); *In re Jones*, 600 B.R. 561, 569 (Bankr. W.D. Tex. 2019)(finding a FINRA award nondischargeable where FINRA had determined defendant violated securities laws *and* the FINRA award had been memorialized in a *judicial order* in a county court). Because there is no evidence that Plaintiffs' FINRA order has been memorialized in a separate judicial or administrative

15

order, it cannot be the basis for a summary judgment finding of nondischargeablility under § 523(a)(19).[43]

Consequently, the FINRA order standing alone cannot support a summary judgment finding of nondischargeability under § 523(a)(19).

### IV. Evidence Objections

Both parties raise numerous objections to the summary judgment evidence presented by the opposing party. Most of these objections seek to exclude from evidence either documents or specific statements in declarations submitted by the parties. The Court will briefly address each objection.

**A. Defendant's Objections**

Defendant objects to numerous paragraphs contained in the Declaration of Andrew H. Anderson (the "Anderson Declaration"). These

---

[43] The Court declines to adopt Plaintiffs' suggestion to enter an order "confirming or memorializing the FINRA Order under its own authority" based on the evidence presented in this case. It is true that some courts have undertaken "to determine liability on an underlying securities claim." *In re Horlbeck*, 589 B.R. 818, 833 (Bankr. N.D. Ill. 2018). However, this Court has previously held that it should be up to "a tribunal other than the bankruptcy court determine the liability aspect — e.g., whether a federal or state securities violation or some type of related fraud has occurred." *In re Minardi*, 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015).

objections are either for relevance under F.R.E. 402,[44] hearsay under F.R.E. 802,[45] or speculation, i.e. lack of person knowledge, under F.R.E. 602.[46]

Defendant's objections to paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44 of the Anderson Declaration on relevance grounds are overruled. Defendant's objections to paragraphs 10, 11, 12, 21, 22, 23, 24, 25, 26, 27, and 28 of the Anderson Declaration on hearsay grounds are overruled. Defendant's objections to paragraphs 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, and 50 of the Anderson Declaration on personal knowledge grounds are overruled.

### A. Plaintiffs' Objections

Plaintiffs object to numerous paragraphs contained in the Declaration of Brian Keith Hardwick (the "Hardwick Declaration"). These objections are mostly for hearsay under F.R.E. 802, with a single objection under F.R.E. 602.

---

[44] F.R.E. 402 makes irrelevant evidence inadmissible. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." F.R.E. 401.

[45] F.R.E. 802 makes hearsay inadmissible, unless excepted from inadmissibility. Litigants opposing a hearsay objection often assert the applicability of an exception to this rule under F.R.E. 803, argue that the out of court statement at issue does not meet the definition of hearsay under F.R.E. 801, or assert that the statement is specifically excluded from the definition of hearsay.

[46] F.R.E. 602 permits a witness, or in this case declarant, to testify about a particular matter, i.e. fact, "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." F.R.E. 602.

Plaintiffs' objections to paragraphs 2, 6, 7, 8, 9, 10, 15, and 16 of the Hardwick Declaration on hearsay grounds are overruled. Plaintiffs' objection to paragraph 2 of the Hardwick Declaration on personal knowledge grounds are overruled. Plaintiffs' objections to paragraphs 11, 12, 13, and 14 of the Hardwick Declaration on hearsay grounds are overruled. Plaintiffs also objected to paragraphs 11-14 of the Hardwick Declaration by stating that "Defendant is estopped from re-litigating these matters."[47] This objection is based on two precedents referenced above, *Jones* and *Minardi*. *See In re Jones*, 600 B.R. 561, 567-569 (Bankr. W.D. Tex. 2019) and *In re Minardi*, 536 B.R. 171, 192-193 (Bankr. E.D. Tex. 2015). Because the state court agreed judgment is non-dischargeable under the two step *Minardi* analysis as set forth above, the Court sustains this objection to paragraphs 11-14 of the Hardwick Declaration.[48]

---

[47] Pl. Reply to Def. Obj. Pl. Mot. Summ. J., ¶ 18, 6, ECF No. 27.
[48] This Court has previously explained the following:

> "However, once a determination of a securities violation or related fraud has been made by a non-bankruptcy tribunal, and proof of the entry of that order or the existence of a settlement of such charges is tendered to the bankruptcy court, the debt is rendered nondischargeable under § 523(a)(19) *without proof of any additional element in a manner outside the traditional analysis of issue preclusion principles*" [emphasis added].

*Kokas v. Osborne,* 2017 Bankr. LEXIS 931, at *10 (Bankr. E.D. Tex. 2017).

## V. Conclusion

Accordingly, upon due consideration of the pleadings, the proper summary judgment evidence submitted, the material facts admitted to exist, the relevant legal authorities, and for the reasons set forth herein, the Court concludes there is no genuine issue as to any material fact and that Plaintiffs, Andrew H. Anderson and Lori Anderson, in their capacity as Co-Trustees of the Allan G. Anderson Revocable Living Trust, are entitled to partial summary judgment that the debt memorialized in the agreed state court judgment entered against Defendant, Brian Keith Hardwick, in Case No. 429-0416-2016, styled *Allan Anderson, et al., vs. Regal Energy, LLC, et al.,* by the District Court for the 429th Judicial District of Collin County, Texas on February 1, 2018, is nondischargeable pursuant to 11 U.S.C. § 523(a)(19). Thus, the Plaintiffs' "Motion for Partial Summary Judgement" will be GRANTED to that extent. All other relief requested in the Motion is denied. An appropriate order and judgment will be separately entered in a manner consistent with this opinion.

Signed on 01/27/2023

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE